IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDRA BENKO, | ) | |
|          Plaintiffs, | ) | |
| | ) | |
| vs | ) | Civil Action No. 18-1444 |
| | ) | |
| ALLSTATE INSURANCE COMPANY, | ) | |
|          Defendant | ) | |

## REPORT AND RECOMMENDATION

ROBERT C. MITCHELL, United States Magistrate Judge.

### I.     RECOMMENDATION

Presently before the Court is a Notice of Removal (ECF No. 1) filed by Allstate Insurance Company (Defendant). For the following reasons, it is respectfully recommended that the matter be remanded to the Court of Common Pleas of Allegheny County from which it was removed.

### II.     REPORT

Sandra Benko (Plaintiff) initiated this action for breach of contract against Defendant by filing a complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on October 19, 2018. On October 29, 2018, Defendant removed the case to this Court, predicating subject matter jurisdiction on diversity of citizenship (ECF No. 1). In its Notice of Removal Defendant pled a "good faith belief" that the amount in controversy exceeds the $75,000 limit of 28 U.S.C. § 1332(a); however, no actual amount was averred. Thus, on October 30, 2018, this Court ordered Defendant to show cause as to why this matter should not be remanded due to lack of federal jurisdiction (ECF No. 3). Defendant's timely answer followed (ECF No. 4).

The removing party bears the burden of showing that the case is properly before the court at all stages of the litigation. See McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189

(1936). The amount in controversy is generally decided from the face of the complaint itself. Angus v. Shiley Inc., 989 F.2d 142, 145 (3d Cir.1993); see also 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). The amount in controversy it is "not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." Angus, 989 F.2d at 146.

In its answer to the rule to show cause, Defendant avers that Plaintiff's claims for "medical bills, interest at 12%, costs of suit and attorney's fees," are sufficient to support its contention that this matter was removed properly (ECF No. 4, ¶ 6).  Our rules are clear that the amount in controversy is to be calculated "exclusive of interests and costs" 28 U.S.C. § 1332(a).  With respect to Plaintiff's medical bills, the policy attached to the complaint limits recovery for medical expenses to $10,000 (ECF No. 1-2, pg. 10).  Even if the applicable coverage was stacked, $20,000 falls woefully short of the jurisdictional limit.

To the extent that Defendant argues that the $55,000 deficiency can be made up in attorney's fees, the Third Circuit has instructed that "attorney's fees are necessarily part of the amount in controversy **if such fees are available to successful plaintiffs under the statutory cause of action**" Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) (emphasis added). Under Pennsylvania Law, "[i]n the event an insurer is found to have acted with no reasonable foundation in refusing to pay [motor vehicle liability insurance first party benefits] when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, **a reasonable attorney fee based upon actual time expended**" 75 Pa.C.S. § 1798(b) (emphasis added).  Put simply, $55,000 does not appear to be a reasonable fee in a simple breach of contract case such as this, particularly where Plaintiff has not asserted a bad faith claim.

Because Defendant has not met its burden of establishing that the applicable policy coverage plus reasonable attorney's fees meet or exceed the jurisdictional requirement of $75,000, it is respectfully recommended that this matter be remanded to the Court of Common Pleas of Allegheny County. See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999) (holding, *inter alia*, that "[w]hen it appears to a legal certainty that the plaintiff [is not] entitled to recover the minimum amount set by Section 1332, the removed case must [be] remanded[.]")

In accordance with Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules pertaining to Magistrate Judges, the parties are permitted until November 20, 2018 to file written objections to this Report and Recommendation. Failure to do so may waive the right to appeal. Any party opposing written objections shall have fourteen days after the service of such objections to respond thereto.

DATED this 6th day of November, 2018.

BY THE COURT:

s/Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge